IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CAROLINE CHARLEY,

   Plaintiff,

V.                                                          Case No. 13CV00272 WJ/RHS

PNR SERVICES LLC.,

   Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court upon Defendant's Motion for Summary Judgment, filed December 23, 2013 **(Doc. No. 25)**. Having considered the parties' briefs and the applicable law, the Court finds that Defendant's motion is well-taken and, therefore, is GRANTED.

### Background

This case involves alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the New Mexico Practices Act, NMSA 1978 § 57-12-1, *et seq.*, and a claim for intentional infliction of emotional distress. Plaintiff's claims arise out of interactions between herself and Defendant regarding Plaintiff's delinquency on a vehicle loan. Plaintiff alleges that Defendant's efforts to collect on her vehicle loan and/or repossess her vehicle included tactics which violated the above-listed statutes and caused her great emotional distress. These tactics included: two (2) letters threatening legal action and statements made during telephone conversations between Plaintiff and Defendant.

Defendant moved for summary judgment based upon its allegation that Defendant is a

repossession agency, not a debt collector, and thus is not subject to the FDCPA. Defendant further argues that because Plaintiff's only federal claim is subject to dismissal, the Court should decline to retain its supplemental jurisdiction over Plaintiff's state law claims and should force Plaintiff to litigate those claims in state court instead. Plaintiff argues that even if Defendant is a repossession agency, it meets the FDCPA definition of "debt collector", and thus Defendant is not entitled to summary judgment on this claim. Plaintiff offers no argument as to what should happen to her state law claims should the Court dismiss her FDCPA claim.

**Undisputed material facts**

Defendant sets forth only four "undisputed material facts" in its motion: 1) Defendant is a repossession agency; 2) Defendant is not a debt collector and never collects debts; 3) during the time period described in Plaintiff's Complaint, Credit Acceptance, the original financer of the car loan, had the present right to possession of the collateral, Plaintiff's vehicle; and 4) pursuant to the Order to Repossess issued by Credit Acceptance, Defendant had the present right to possession of Plaintiff's vehicle. Plaintiff does not dispute the last two facts, therefore those are deemed undisputed. Plaintiff does not dispute that Defendant is in fact a repossession agency. However, she claims that this fact is not material, because repossession agencies, if they otherwise meet the FDCPA's definition for "debt collector" are still subject to the FDCPA's requirements. Consequently, Plaintiff disputes Defendant's statement that Defendant is not a debt collector. The Court finds that as set forth further below, the fact that Defendant is a repossession agency is material and is also undisputed. Because debt collector is a legal term, the Court will not consider it as a "fact".

**Discussion**

I.      **Legal Standard**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c); Martinez v. Beggs, 563 F.3d 1082, 1088 (10th Cir. 2009). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. Once that burden is met, the nonmoving party must put forth specific facts showing that there is a genuine issue of material fact for trial; he may not rest on mere allegations or denials in his own pleadings. Anderson v. Liberty Lobby, 477 U.S. 242, 256-57 (1986). In order to avoid summary judgment, the nonmoving party must put forth enough evidence that a reasonable jury could return a verdict in the nonmovant's favor. Id. at 249. A mere scintilla of evidence in the nonmovant's favor is not sufficient. Id. at 252.

## II. Defendant is not a "Debt Collector" as Defined by the FDCPA

A defendant can be held liable for violating the FDCPA only if he or she is a "debt collector" within the meaning of the FDCPA. See James v. Wadas, 724 F.3d 1312, 1315 (10th Cir. 2013). Defendant's Motion for Summary Judgment turns exclusively on the question of whether Defendant, a repossession agency, is a debt collector subject to the general provisions of the FDCPA. The FDCPA defines the term debt collector as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due is a or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

3

15 U.S.C.A. § 1692a(6).

Section 1692(f)(6) which specifically applies to those individuals who are enforcing security interests prohibits those individuals from "taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if: "(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement." 15 U.S.C.A. § 1692(f)(6). Although Defendant originally argued that as an enforcer of a security interest it was only a debt collector for the purposes of section 1692(f)(6), in its reply Defendant alleges that even if the entire FDCPA applies to repossession agencies who otherwise meet the definition of debt collectors, Plaintiff has not demonstrated that Defendant meets the statutory definition.

A.   *The entire FDCPA applies to enforcers of security interests that otherwise meet the definition for debt collector*

Turning to Defendant's first argument, "[t]here is a split of authority as to whether enforcers of security interests are 'debt collectors' for purposes of section 1692f(6) only or, whether they are subject to the entire FDCPA if they meet the general definition of a 'debt collector' of section 1692a(6). Chomilo v. Shapiro, Nordmeyer & Zielke, LLP, CIV. 06-3103 RHK/AJB, 2007 WL 2695795 (D. Minn. Sept. 12, 2007); also compare Jordan v. Kent Recovery Servs., Inc., 731 F. Supp. 652, 660 (D. Del. 1990) ("Such a purposeful inclusion for one section of the FDCPA implies that the term 'debt collector' does not include an enforcer of a security interest for any other section of the FDCPA.") with Kaltenbach v. Richards, 464 F.3d 524, 529 (5th Cir. 2006) ("We therefore hold that a party who satisfies § 1692a(6)'s general definition of a 'debt collector' is a debt collector for the purposes of the entire FDCPA even when enforcing

4

security interests."). The Tenth Circuit has adopted the reasoning of the courts holding that the entire FDCPA applies to enforcers of security interests that otherwise meet the definition of a debt collector.  See Burnett v. Mortgage Elec. Registration Sys., Inc., 706 F.3d 1231, 1236 (10th Cir. 2013) ("By the plain language of the statute, therefore, a person whose business has the principal purpose of enforcing security interests but who does not otherwise satisfy the definition of a debt collector is subject only to [15 U.S.C.] § 1692f(6).") (citing Kaltenbach, 464 F.3d at 527). Therefore, Defendant's original argument that because it is an enforcer of a security interest it is only subject to section 1692f(6) of the FDCPA fails. Accordingly, Defendant is not entitled to summary judgment on that basis.

      B.    *Plaintiff has not established a dispute of fact as to whether Defendant is a debt collector*

The FDCPA establishes two alternative predicates for "debt collector status": 1) engaging in debt collection as the "principal purpose" of the entity's business; or 2) engaging in debt collection "regularly." Wadas, 724 F.3d at 1316 (citation omitted). "Reviewing § 1692a(6) as a whole, it is evident that Congress intended the 'principal purpose' prong ... to differ from the 'regularly' prong of its definition of 'debt collector.'" Id. (quoting Garrett v. Derbes, 110 F.3d 317, 318 (5th Cir.1997)).

Although Plaintiff's Complaint alleges both that Defendant's principal business purpose is debt collection and that Defendant regularly engages in debt collection, Plaintiff's response to Defendant's Motion for summary judgment only adduces evidence in support of the later theory. Even if Plaintiff has not abandoned the former theory, that Defendant's principal business is debt collection, the Court finds that this theory is not viable based upon the evidence presented. Plaintiff does not dispute that Defendant is a repossession agency, although she does dispute the legal significance of this fact. Notwithstanding the fact that Defendant's status as a repossession

agency is not in and of itself dispositive of the question of Defendant's principal business, this fact coupled with a lack of evidence by Plaintiff demonstrating that Defendant's principal business is debt collection demonstrates that no reasonable jury could find, based upon the evidence currently before the Court, that the principal purpose of Defendant's business is debt collection. Therefore, the only possible theory of recovery for Plaintiff is that Defendant "regularly" collects debt.

The Tenth Circuit has previously noted the ambiguity in the term "regularly" as used by the FDCPA and has thus turned to the traditional definitions of the word. Wadas, 724 F.3d. at 16 (stating the word regularly is ambiguous and noting the Black's Law Dictionary definition of regularly is "[a]t fixed and certain intervals, regular in point in time. In accordance with some consistent or periodical rule or practice.") (citing *Black's Law Dictionary* 1286 (6th Ed.1990)). "[A] person may [']regularly['] render debt collection services, even if these services are not a principal purpose of [the] business. Indeed, if the volume of a person's debt collection services is great enough, it is irrelevant that these services only amount to a small fraction of [the] total business activity; the person still renders them 'regularly.'" Wadas, 724 F.3d. at 17 (citation omitted). The Tenth Circuit adopted the Second Circuit's list of factors to consider when determining whether an attorney or law firm regularly engages in debt collection. See id. ("We agree with and adopt the standard set forth by the Second Circuit in Goldstein [v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti, 374 F.3d 56 (2d Cir. 2004)]. Although not an exhaustive list, we hold that courts must consider these factors in determining whether an attorney or law firm 'regularly' engages in debt collection such as to qualify as a 'debt collector' within the meaning of the FDCPA."). As adopted by the Tenth Circuit, these factors are:

> (1) the absolute number of debt collection communications issued, and/or collection-related litigation matters pursued, over the relevant period(s), (2) the

>frequency of such communications and/or litigation activity, including whether any patterns of such activity are discernible, (3) whether the entity has personnel specifically assigned to work on debt collection activity, (4) whether the entity has systems or contractors in place to facilitate such activity, and (5) whether the activity is undertaken in connection with ongoing client relationships with entities that have retained the lawyer or firm to assist in the collection of outstanding consumer debt obligations.

Wadas, at 17-18.

Although these factors were specifically applied to law firms, the Court believes that they are also helpful in determining whether any business regularly collects debts to the extent that any of the factors apply to businesses other than law firms.  Additionally, Wadas appears to be the only case in which the Tenth Circuit considered the definition of the term "regularly" as contemplated by the FDCPA.

In support of her contention that Defendant is regularly engaged in debt collection, Plaintiff points to evidence, which she alleges demonstrates that in regards to the specific debt that forms the basis of her Complaint, her vehicle loan, Defendant was attempting to collect a debt rather than enforce a security interest.  Even if the Court were to assume that Defendant was attempting to collect a debt rather than repossess Plaintiff's car, a proposition which the Court believes the evidence belies, this does not prove that Defendant "regularly" collects debt.[1]  See Kaltenbach, 464 F.3d at 529 ( Under [15 U.S.C. § 1692a(6), a party's general, not specific, debt collection activities are determinative of whether they meet the statutory definition of a debt collector.[] Whether a debt collector's specific action qualifies as the collection of a debt may or may not be relevant when determining whether the party must comply with other, specific

---

[1] Plaintiff's "evidence" showing that Defendant was attempting to collect a debt from Plaintiff rather than enforce its security interest in her car is: 1) numerical figures handwritten by Plaintiff allegedly during a telephone conversation with Defendant in which Defendant demanded Plaintiff pay her debt; 2) a letter from Defendant to Plaintiff that makes a vague reference "resolving" the case but does not list a specific monetary amount owed by Plaintiff and instead cites to criminal statutes for "unlawful failure to return a motor vehicle subject to a security interest"; and 3) an agreement between Credit Acceptance and Defendant, which although it does contain an exact amount of Plaintiff's debt, is prominently labeled "Order to Repossess" and notably says nothing about Defendant collecting on Plaintiff's debt on Credit Acceptance's behalf.

substantive requirements of the FDCPA, but that is a separate inquiry from whether the party meets the general statutory definition of a debt collector."). Aside from evidence regarding her vehicle loan, Plaintiff's only allusion to Defendant's "regular" collection of debts is "[w]hile Defendant contends that it never engages in collection activity, a fact finder can be sure that Defendant has all the pertinent information needed to develop a healthy collection practice at its finger tips when it conducts business with Credit Acceptance." See **(Doc. No. 26)**, Plaintiff's Response at p. 9. Setting aside for the moment that Plaintiff provides no support for this conclusory statement whatsoever, even if true, the fact that Defendant is provided certain information by Credit Acceptance does not show that Defendant has a "healthy collection practice." The evidence viewed in the light most favorable to Plaintiff, at best demonstrates that Defendant attempt to collect on one debt, Plaintiff's vehicle loan. Even given the ambiguity surrounding the term "regularly", it is clear that one instance of debt collection is not enough to qualify a party as a "debt collector." Further, Plaintiff has not satisfied any of the factors set forth in Wadas applicable outside the context of law firms.[2] Therefore, the Court finds that no reasonable jury could conclude, based upon the evidence provided by Plaintiff, that Defendant regularly collect debts. See Anderson, 477 U.S. at 249 ("In order to avoid summary judgment, the nonmoving party must put forth enough evidence that a reasonable jury could return a verdict in the nonmovant's favor.") Accordingly, Defendant is entitled to summary judgment on Plaintiff's FDCPA claim (Claim I), because Defendant is not a "debt collector" as defined by the FDCPA.

**III.    The Court Will Decline to Exercise Supplemental Jurisdiction Over Plaintiff's**

---

[2] In fact, the evidence indicates that applying the Wadas factors to Defendant's business would lead to the conclusion that Defendant is not regularly engaged in debt collection. Defendant's answers to discovery requests indicate that it has no personnel tasked with debt collection, provide no training to its employees regarding debt collection, and has no company policies regarding debt collection. See **(Doc. No. 25-2)**, Exhibit B to Defendant's Motion.

**Remaining State Law Claims**

As previously stated, Plaintiff's sole federal claim was based upon an alleged violation of the FDCPA; Plaintiff's only remaining claims, violation of the New Mexico Unfair Trade Practices Act and Intentional Infliction of Emotional Distress, are state law claims.  Pursuant to 28 U.S.C. § 1367, the Court hereby declines to exercise supplemental jurisdiction over the remaining state law claims in this lawsuit.  See Smith v. City of Enid ex rel. Enid City Comm'n, 149 F.3d 1151, 1156 (10th Cir.1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims) (citing 28 U.S.C. §1367(c)(3)).

**THEREFORE, IT IS ORDERED**, that Defendant's Motion for Summary Judgment **(Doc. No. 25)** is **GRANTED.**

**IT IS FURTHER ORDERED**, that Plaintiff's Fair Debt Collection Practices Act Claim is dismissed with prejudice and the Court declines supplemental jurisdiction over Plaintiff's remaining state law claims.  The Court will enter a separate judgment consistent with this Opinion.

_____
UNITED STATES DISTRICT JUDGE